UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:20-CR-00063-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| JONATHAN BRYANT TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 692]. Federal Defender Services ("FDS") filed a Notice of No Intention to File a Supplemental Motion [Doc. 695], and the United States (the "Government") has responded in opposition [Doc. 698]. For the reasons stated below, Defendant's motion [Doc. 692] is **DENIED**.

**I.    BACKGROUND**

On August 25, 2021, Defendant pleaded guilty to one count of a conspiracy to distribute a kilogram or more of heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Doc. 245, ¶ 1; Doc. 254]. Defendant's plea agreement included a stipulation that agents found approximately 2.5 ounces of heroin, an SKS-style rifle with a loaded 30-round magazine, and a loaded semi-automatic pistol in a search of his residence [Doc. 245, ¶ 4(g)]. Defendant agreed that the 2-level enhancement for possessing a firearm during the offense should apply [Doc. 245, ¶ 4(j)].

The Presentence Investigation Report ("PSR") was disclosed on December 15, 2021 and found Defendant's offense level to be 29 [Doc. 386, ¶ 38]. It assessed no criminal history points,

1

so Defendant's criminal history category was I [Doc. 386, ¶ 44]. That corresponded to a guideline range of 87 to 108 months [Doc. 386, ¶ 64]. The Court departed below the mandatory minimum sentence, [*see* Doc. 386, ¶ 64; Doc. 392, pg. 1], and imposed a term of 87 months' imprisonment [Doc. 391, pg. 2]. Defendant's anticipated release date is October 5, 2025. *See* Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/.

Effective November 1, 2023, Guideline Amendment 821, Part B, subpart 1 added a two-level reduction for defendants who received zero criminal history points under Chapter Four, Part A of the Guidelines. *See* U.S.S.G. § 4C1.1(a). This amendment applies retroactively. U.S.S.G. § 1B1.10(d). The present motion followed.

## II. LEGAL STANDARD

A district court has "no inherent authority . . . to modify an otherwise valid sentence." *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). "A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). However, 18 U.S.C. § 3582(c)(2) provides: "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Supreme Court has explained that § 3582(c)(2) requires a "two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the Court must "determine that a reduction is consistent with [U.S.S.G.] § 1B1.10." *Id.* A reduction is inconsistent with § 1B1.10 if none of the amendments made retroactive in the policy statement apply to the defendant or would "have

the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). In determining what reduction, if any, is appropriate, the Court "determine[s] the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). The Court must "leave all other guideline application decisions unaffected." *Id.* With limited exceptions, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ." U.S.S.G. § 1B1.10(b)(2)(A). Nor may the "reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

At step two, the Court considers the applicable § 3553(a) factors to determine whether the authorized reduction is appropriate "in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. "[T]he decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010) (citing *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009)). But "proceedings under 18 U.S.C. § 3582(c)(2) and [U.S.S.G. § 1B1.10] do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3).

### III. ANALYSIS

Here, Defendant asserts he is eligible for a reduction because he is a "zero-point offender" with no "aggravating factors associated with his crime of conviction" [Doc. 692, pg. 2]. The Government contends he does not satisfy all the requirements of the new zero-point offender guideline [Doc. 698, pg. 4]. That guideline requires that the Defendant "did not possess . . . a firearm . . . in connection with the offense" U.S.S.G. § 4C1.1(a)(7). Here, Defendant pleaded guilty to a heroin distribution conspiracy [Doc. 245, ¶ 1]. Defendant stipulated in his plea

3

Case 2:20-cr-00063-DCLC-CRW   Document 705   Filed 04/17/24   Page 3 of 4   PageID #: 5846

agreement that agents found heroin and firearms in his residence and that the sentencing enhancement for possessing a firearm should apply [Doc. 245, ¶¶ 4(g), (j)]. Because Defendant has not shown he meets all the requirements of § 4C1.1, he fails to show the amended guideline applies. *See* U.S.S.G. § 1B1.10(a)(2)(A). The Court therefore cannot reduce his sentence.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion for Reduction of Sentence [Doc. 692] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge